Mr. Purr? Yes. Good morning, Your Honors. Your Honors, may it please the Court, Richard Purr, on behalf of the defendant NRA Group, I respectfully request to reserve two minutes for rebuttal. Granted. Thank you. The defendant in this case, NRA Group, respectfully requests that the Court reverse and remand the trial court's decision with respect to granting summary judgment on behalf of the plaintiff on the claim under the Telephone Consumer Protection Act. Instead of looking at the issue of consent and providing consent under a summary judgment standard as the plaintiff, as the moving party, the Court instead reversed the burden on the defendant and said that the defendant had to show conclusively that there was consent in order to be able to have a triable issue. Isn't that what Rule 56 does? No. Rule 56 requires that all inferences be found in favor of the non-moving party. That all inferences in the favor of the non-moving party. And in this case, NRA wasn't moving for summary judgment on consent. We understood that there were genuine issues of material fact that required the ultimate fact finder to make the call. What we had was a series of events and there's clearly an issue that could go the way of the plaintiff by a trier of fact, but it could equally go in favor of the defendant in front of the trier of fact. This is the quintessential question for reasons why a case goes to a jury and then can be granted summary judgment. The Court relied primarily on the Mays decision out of the 11th Circuit, which in fact was a case in which a defendant sought summary judgment on the issue of consent. And in that case, it was appropriate to ask the questions that the Mays Court asked because it was defended as the moving party. In this case, NRA Group was not the moving party. We presented evidence of a genuine issue of material fact and the plaintiff just simply said, we didn't prove it, therefore summary judgment is granted in favor of the plaintiff. And what we have is we have a scenario in which, and this is the genuine issue of material fact, plaintiff acknowledges and in their brief to this Court at page 28 in footnote 8, they acknowledge for purposes of summary judgment that the plaintiff goes into the hospital, goes into the hospital, goes into an intake, he goes to the radiology department, x-rays, receives an MRI, is ultimately billed a copay or deductible, doesn't pay the copay or deductible. The radiology department, which is in fact a corporate entity, has a billing service, attempts to collect it, doesn't get it, sends it to the NRA Group for collection. So the chain of custody of this telephone number goes from the intake in the hospital, which acts on behalf of all of the myriad of medical professionals that staff the hospital, in essence the hub of the wheel with the spokes being used. So let's go to the hospital a second and Mr. Dobbert gets there and one of the questions he's asked is, give us your phone number, and he gives his phone number. As you said, you end up, your client ends up, or NRA Group ends up with the phone number. How does that express consent to be called for collection of a bill? He just asked for his phone number, he answered the question and gave his phone number. All of the, first from the Federal Communications Commission on down for decades, providing a telephone number in the course of an ordinary business transaction is consent for debt collection. The necessity to provide express written consent is limited solely to telemarketing under the TCPA. And so all of the cases and courts that have looked at this decision, including Mays, including courts in this circuit, have all come to the same conclusion, which is providing the telephone number in and of itself in the business transaction is consent for ultimately collection of that obligation in that regard. And so that chain is there. Now what we don't have in this case is thus beyond simply saying they provided the number to the hospital is, and what the court says is, you don't have the physical intake form. But this is quintessential circumstance of circumstantial evidence. I don't have to have a picture of the rain. I mean we all talk about the jury charge that goes to the jury. You can infer from the individual walking in with rain all over them, see the ground is wet and to know it has rained. So there's direct evidence and there's circumstantial evidence. There's circumstantial evidence that that chain of custody of that telephone number from the hospital intake to the radiology department, to the billing service, to NRA group remains intact. But it's a genuine issue of material fact, which the trier of fact gets to determine, not the trial court. I think you're talking about perhaps little apples and oranges here. What was the phone that goes back to my initial question, what was the phone number given for? I mean you give your phone number when you check in, the first thing you think about as you're a patient, well they need my phone number because they want to tell me what the results may be. I think the last thing you're thinking about when you walk in is somebody's going to come after, subsequent to year two and try to collect the $25 bill. When you go to any service provider for which you are receiving services, and in this case again the case is all dealing with hospital and the Mays case is consistent with that and every other case, you're getting provided services. Expectation is you're going to pay for those services. You go to a hospital, walking into the hospital in a voluntary condition, we're not talking about a scenario where somebody is admitted in an emergency basis and so on and another person provides a telephone number because the person is unconscious, they're not aware. We're talking about a voluntary admission into a hospital to provide medical services. Now these services could take place in a facility outside of a hospital, they could take place as in this case inside the hospital where the radiology department, which provides the x-ray and the MRI, is expecting and is the anticipation that they're going to be paid for their services. The hospital bills, the medical provider for the physician services bill, so you receive multiple bills all from the provision of a single service. And the case law is again clear. Walking into the hospital to receive medical services is providing to ultimately the creditor, the person providing the services, with the anticipation you're going to have to pay for that. Who's the creditor? The direct creditor is Radiology Associates. And they're not the hospital? Well, they are the hospital. They are? They're not a separate corporation? The hospital acts... The hospital is not going to want you to say that they're the hospital. They're going to want you to say they're an independent contractor operating in the hospital premises. The hospital's intake department, when you walk in, and a centralized intake in their hospital for the services that are provided on premises is for the benefit of every single one of the myriad of physician practices that exist in that hospital. Yeah, but when you go into PNC Park and you go up and buy a Permanis sandwich, that's for the benefit of everyone who's there too, but Permanis isn't PNC Park. I mean, I'm sort of stunned by your argument to Judge Ross' point. I mean, there is clear corporate separation between Radiology Associates and the hospital, is there not? There's corporate separation. All right, so if they're entitled to all the benefits of the separate corporate form, how can you just link them together or elide them? Because the provision of the telephone number in the centralized intake process is for the purpose of every single physician practice within the confines of the hospital, whatever services you are receiving that day, so that the provision of that number is the provision to the creditor. Each department doesn't have its own intake. You don't walk into Children's Hospital in Philadelphia and suddenly go to radiology or go to oncology or go to cardiology and have a completely separate intake. There's a centralized location. If you see four services in the course of that day... Sure, but doesn't the act require, though, that Mr. Daubert be called only by the party to whom he gives his number? He's given the number to the hospital on behalf of the actual physical creditor, the radiology department. And that's true even if the creditor assigns the credit to somebody else? There's no debate in any of the cases, including from the Federal Communications, which sets forth what is consent under the Telephone Consumer Protection Act, that the provision of that information to the creditor inures all the way down to the collection agency for purposes of collecting the obligation owed to the creditor. All right, so if the hospital were the collecting agent here, I know it's not, but if it were and then it assigned its chose to radiology associates, radiology associates would have  Yes, Your Honor. That's in fact essentially what happened here because radiology associates works out of the hospital. They are the radiology department of the hospital. There is a separate physical form, a corporate entity that does the actual radiology practice, runs the MRI, does things. But when you come in to the hospital for those services, you go to a centralized intake. They're acting on behalf of the multitude of creditors that exist in that hospital for the sake of efficiency. Under this Telephone Consumer Protection Act, should we look at the actual language of prior press consent and make a determination ourselves as to what Congress meant? Or are we bound by what the FCC has said in this regard? Well, obviously with clear case law and a Chevron analysis, Your Honor, with respect to administrative agencies. But in this case, the interpretation of the Federal Communications Committee as the executive branch agency interpreting, given the power to interpret the TCPA within the confines of its language, they've issued their opinions. I don't think that this rises to a standard that you should not give deference to the Federal Communications Commission with respect to its interpretation of what constitutes express consent. And in that case, they have clearly said that providing information to a creditor means that a debt collector can in fact call and that that does constitute consent for purposes of making a call. Now at the end of the day, when we get back and circle back around to the issue that's before this court and what was before the trial court, really it comes down to whether this was given, whether it constituted consent is a triable issue. It is not one that is determined as a matter of law under these facts. You know, we've been debating the back and forth, what about the hospital? Where does it go? But these are all questions that really are more appropriately brought in front of the trier of fact to ultimately conclude. They could conclude that in fact this doesn't constitute consent. Is there an agreement between the hospital and the radiology department describing how these billing matters will be handled? And if this is relevant and it wasn't introduced, are we bound by it? Well, two questions, Your Honor. There are, I mean, there's a description of the relationship and I believe that while the documents themselves weren't produced, that's part of the description in the billing service talking about how they receive their records, either directly from the hospital or directly from the radiology group. That was in the affidavit that they supplied. Again, that's part of the total package of circumstantial evidence that would be prevented before the trier of fact. It's not, it doesn't have to be conclusive. Again, we don't have to show direct evidence without a doubt. We weren't the moving party. We were the non-moving party. We're entitled to every inference in our favor for purposes of summary judgment. The trier of fact can sort that out. Whether those documents come in later and there's a whole separate issue about subpoenas to the hospital and whether or not there was pretrial subpoenas and whether they're going to be subpoenaed for trial that never came up, never went to fruition because the court ruled as it did on summary judgment. All of those things will be taken care of and argued after, in fact, it goes back for a remand and we get to actually try the issue of consent before the actual fact finder. For those reasons, we ask that the court reverse and remand this case so that the trier of fact can try the genuine issues that exist with respect to consent. Thank you, Mr. Burr. Thank you. Mr. Sabatini. Good morning, Your Honors. May it please the court, Carlos Sabatini for John Daubert. Addressing the consent issues first, the court is exactly correct that the fact that they are different corporate entities is dispositive of this issue. The defendant cited to Mays and the principal difference between this case and Mays is that in Mays, the phone number was made available to the third party entity when permission was granted for the hospital to share the phone number with that third party. Here that critical link is missing and the Mays court actually observes that and cites to a case Moyes. In footnote six of the Mays opinion, the Mays court says that in Moyes, the district court in Moyes explained if the number was given only to plaintiffs treating physician, then plaintiff did not give prior express consent to the laboratory or its third party collector. In Moyes, the patient went in and saw a doctor, the doctor referred some blood work or something else for testing to the lab and then the lab called the patient using the phone number that the patient had provided only to the doctor. But there was no consent form where the patient had given permission for the doctor to transfer the phone number to the lab. Here, there was no evidence that there was any consent for the phone number to ever be transferred in the way that the defendant would need. Do you agree with Mr. Purr that two things, if the hospital was there, the case would have gone to the jury? Yes. And do you agree with him that if the hospital had assigned its right to collect the debt to a third party, let's call them radiology associates, that the case would have had to go to the jury? Yes. If the hospital was assigning its right to collect the debt that was owed to the hospital. To a degree that downstream assignees stand in the shoes, I mean, just consistent with general assignment law, this statute doesn't alter that. Correct. And I believe the statute even goes a bit further. They don't even have to actually sell the debt or something. They can simply refer it out to a third party for collection. That third party acting as their agent. Correct. Okay. So the whole case in your view under the TCPA comes down to the relationship between your client and radiology associates. Correct. Except that they provided all the work. They did the medical work you wanted, right? That's correct, but they're Pramantis. They're a separate entity. So the hospital just needs to change its procedures and if you're running a hospital and you've got subsidiaries or affiliates that are working out of your hospital, you'd need to change your intake procedures to make sure the party that actually needs to get paid is the one that gets the consent from the person receiving the medical services. Well, there's no reason to think that this is a subsidiary of the hospital. Right. Independent contractor. Right. And the FCC's 2008 order in footnote 38 addresses this issue even a little bit more directly. It says prior express consent provided to a particular creditor, so the hospital, will not entitle that creditor, the hospital, or third party collector, to call a consumer's wireless number on behalf of other creditors including on behalf of affiliated entities. So even if the radiology associates was considered an affiliated entity of the hospital, and there's nothing in the record to indicate that it is affiliated, the hospital could not use the phone number that Mr. Dawbert gave it to call to collect the radiology associates' debt. But that's not even what happened here. What happened here goes one step further removed, which is that radiology associates used the phone number that the hospital itself could not have used. Radiology associates used it. So when someone goes into the hospital for surgery, they have to sign, you're saying, a consent form for the hospital, for the anesthesiologist, for the radiologist, for the path lab, for the surgical associates, you have to sign five different admission forms when you go in? No, Your Honor. Typically, I think that the hospital could ask the patient for permission to, or could disclose to the patient that as a condition of coming in here and getting treated, you're giving us permission to share your phone number to use for billing purposes with anybody that provides you services while you're in this hospital, with any unrelated third party that's here. I would like to talk about the fair debt collection process. I appreciate that because I am concerned with respect to your argument because it seems to me that the German generally bars legal error as a defense under section 1692KC. Why am I wrong on that? I believe that's completely correct, Your Honor. That is correct. Okay, then why shouldn't we accept Mr. Purr's argument with respect to that claim? Because Mr. Purr's argument is that a legal error here should be allowed. Mr. Purr is arguing that his client made an error in its assessment of the law when it relied on two other district court decisions who had already construed the law. So there were two district court cases, Douglas I, which was ultimately appealed and overturned by this court, and Waldron. Waldron was an unpublished opinion from the Eastern District in which the court held that a debt collector is allowed to put an account number on an envelope. Douglas, trial court, said the same thing. While the unpublished Waldron decision was out there and after Douglas had been appealed, while the appeal was pending, the defendant mailed a collection letter to my client on which it disclosed the account number on the outside of the envelope. And the Third Circuit said this is clearly not allowed. The defendant's position is that it wasn't their error, that the law was unanimous, these were the only two decisions in the country on this point, and that when the Third Circuit overruled the trial court in Douglas, that the law changed. Well, that argument, I think, has constitutional implications. The judiciary doesn't legislate. If when the Third Circuit in Douglas overruled the trial court, that was a change in the law, it would mean it would have only prospective effect. It would have the effect of legislation. So that's not what happens. What happens is the ruling applies to the parties and applies to the full retroactive effect. So the law didn't change. Instead, what happened was the understanding of the litigants and as to what the law was, that understanding was more informed now by the Third Circuit. But to say that the defendant can have the benefit of the bona fide error of defense to excuse its violation when it mailed these unlawful letters that had account numbers on it, I think, conflicts greatly with Germany. But why shouldn't they be allowed to rely on an area law which had been unsettled? Why shouldn't they be allowed to rely on a decision of a federal district court? So the federal district court doesn't require them to do anything. It didn't require them to do anything. It didn't say you have to put the account number on the envelope. The federal district court said you could put the account number on the envelope if you'd like. In German, one of the policy concerns that the Supreme Court had was that it felt that it shouldn't be immunizing debt collectors who engage in aggressive conduct that may or may not cross the line. If the Fair Debt Collection Practices Act in 1692K authorizes a claim to be brought in any court of competent jurisdiction. So the only decision on a particular point could just as easily be not from a federal judge. It could be from a state judge. So if a general level, a general court of jurisdiction judge in Oregon is the only one who has spoken on a particular issue, is it reasonable for the defendant to rely on that issue, on that holding, and say, all right, this judge said that we could put account numbers on envelopes, so we're going to do that. Wouldn't that be a ground, though, for reducing the actual damages? For reducing the statutory damages. 1692K says that one of the factors to consider is the degree to which it's intentional. And certainly, if they believe that what they were doing was permissible, then that would mitigate, it would tend to indicate that the conduct was not intentional. Is a limited remand required for determination on that? So I think that a remand is required to overrule Judge Caputo's decision that the bona fide error defense was available to them. Judge Caputo initially decided, we filed a motion for summary judgment, he said, there's a mistake of law, this is clear German, there's no such thing as a bona fide error defense. So we think a remand would be appropriate for the court to assess the amount of statutory damages. But that it would be proper for you to enter judgment in plaintiff's favor with the finding that the bona fide error defense is not available. And Judge Caputo... In doing that, would we be entering summary judgment for your client? I believe so. My client moved for summary judgment, and Judge Caputo found that the conduct violated the law, but that the violation could be excused if the bona fide error defense was available to it. And then that issue is what was left open for trial. Right. We went to trial on the bona fide error defense, and there, Judge Caputo issued, at the close of plaintiff's case, issued judgment as a matter of law. And you're asking us first to reverse that judgment as a matter of law. Okay. And it seems to me we'd have two choices, send that back to give you a new trial, or to send that back and direct the district court to enter summary judgment on behalf of Daubert. Correct. If you find that the bona fide error defense is never available for mistake of law, which we think is what German dictates, correct. You would reverse the judgment as a matter of law and remand with direction to enter judgment in plaintiff's favor because there's already a violation, and now the only affirmative defense is out. Right. If you find that the affirmative defense is possible, then you would remand with instructions to the case should have gone to the jury because there was ample evidence, which I could discuss that could have allowed a jury to find in the plaintiff's favor on the bona fide error defense. The test is that the procedures have to be reasonably adapted to avoid the error. Right. And here NRA had a substantial amount of evidence to show the procedures that they had to find out, to find developments in the case law so they would be up to date. And we don't contend that those procedures weren't reasonable. The problem came with actually doing something with that information once they learned about it. So after the decision of the Third Circuit in Douglas, NRA continued to send letters that contained account numbers for 10 days after it learned of that decision. And then after Douglas was decided, some months later, Judge Nealon issued a case, Steyer in the briefs, which extended Douglas holding to barcodes that contained account numbers. So if the envelope contains a barcode and in the barcode there's an account number, Judge Nealon said that Douglas also prevents that type of disclosure. After Steyer was decided, the defendant continued to mail, and after it learned about Steyer, it continued to mail collection letters with barcodes for at least 30 days. And in both of these cases, both instances, they didn't change their procedures and remove either the naked account number or the barcode from the envelopes until after the third-party mailing company that they hired to send letters for them told them, you should remove these things from your envelopes. So all of this evidence was in the record. Now, admittedly, all of that, the Douglas II decision and the Steyer decision happened after they mailed the letter to my client. So the defendant's argument is that that's not the error. However, it's the only way that you have to test whether the procedures were reasonably adapted to avoid the error. Here, once the procedures were put to the test, we saw that the procedures did not cause the unlawful conduct to stop. There was testimony from the in-house counsel for the defendant that the procedures that they used had not changed at any point from when they mailed the letter to my client with the account number through the date of the trial. In fact, they've been using these letters with the account numbers, these envelopes with the account numbers on them for years before Waldron and Douglas. So this account number was not on the envelope because the defendant somehow relied on those decisions. They've been using it all along. You're saying all that's immaterial because of German, right? All immaterial because of German. All right. But if we agree with you on that, it still needs to go back for the district court to try the actual damages. The statutory damages. Excuse me. Statutory damages. All right, Your Honor.  Thank you, Mr. Sabatini. Thank you, Your Honor. We'll hear Mr. Furr on rebuttal. Thank you, Your Honor. Could I ask you to start with the German issue? Yeah. The German case, a very specific factual case by the United States Supreme Court. In that case, the collection agency relied on its attorney for an interpretation of the law. And what the court and what the Supreme Court said was that you can't rely on interpretations of the law, essentially hiring an attorney to tell you something and then be able to say, well, wait, I didn't do anything wrong. We relied on our attorney. That is a completely different scenario. And it is something that was recognized by the Seventh Circuit in Oliva, was recognized by the Western District of Washington, another court in the Sixth Circuit, that all came to the same conclusion, which is not that German exclusively said there is no basis that a bona fide error can't be an error of law, but you can't use an interpretation. And in this case, no, there was no interpretation. You're saying when a district court greenlights it, there's nothing to interpret. It just says go ahead and do it. It's the law. All right. But that raises an interesting question of federalism, doesn't it? Because if a statute says you can't do something and 15 district judges read that statute to say you can't do something and the 16th district judge says you can do it, you're saying that lawyer can just latch on to what that 16th district judge says and especially assume for the sake of argument that the 15 judges that go against you are in Nevada and the 16th district judge who goes for you is right in your home district. You're saying, hey, we're just following what judge so-and-so told us to do. That works even though it's contrary to the statute? The bona fide error defense allows for... First, let's step back in one thing. Let's recognize that the bona fide error defense recognizes that there has been an error. So this is not a saying that the conduct is not a violation of the act. What it says is there's a defense. And so the bona fide error defense requires reasonably... procedures that are reasonably adapted to the circumstances. So all of the questions that the court asks becomes part of the reasonable interpretation. The scenario about some magistrate district judge in Oregon that makes a decision, it can be said that if you're sitting in Pennsylvania listening to something and you have a decision and you're relying on that decision, we all as lawyers can sit back and say, what's the basis under the jurisdiction to rely on a state court subdivision? No, no, don't go into state court because that's... But even in federal court... Stick with federal courts because I guess what I'm asking rather inartfully is, is it enough for you to have one case that goes your way from a federal district court? Even if there are a bunch of other federal district courts elsewhere saying, no, the statute says you can't do this. In other words, does the statute... Does the language of the statute dictate what happens here rather than one federal judge's interpretation of the statute? The answer to that, Your Honor, is it depends. It depends on... It does depend on where and what. We can look at the opinion itself and... Then let's talk about circuit level rather than district, right? Because district judges aren't bound by other district judges, even in their own district, right? Correct. And I was the district judge who was slapped down in that opinion by the third circuit. I wasn't on the court at that time. No law of the district. No law of the district. But I soon thereafter joined the circuit court, so I did not feel constrained by that decision. So then what do you need, obviously, the easy one is, if the Supreme Court says it, the lawyer can do it. Yes, Your Honor. And I guess your argument, Mr. Purr, is if there is circuit precedent on point within the circuit you're litigating, bona fide error defense works. Yes, Your Honor. Okay. And what circuit precedent green-lighted your conduct in this case? The act at the time, I mean, the act is mirrored. It is an act that doesn't restrict debt collection activities. It restricts what's determined to be abusive debt collection activities. The list is limited. It is not enumerated. There is not a prohibition against collection only within these confines. You can collect but can't do these only limited items. The fact is that anyone who's engaging in collection activity in terms of wherever they are, and in this case, this district, is going to rely on prevailing law and case law to make an informed decision as to their business practices and whether it runs afoul of the act. In this particular case, you have two district courts that have... Well, if the... ...to rely upon in order to... If the district court, Your Honor, had said that it is a violation, would the court equally say that my client can freely go about and do it waiting for an appeal to happen? We don't usually answer lawyers' questions, but I'm going to take the bait in this instance because it's interesting. To answer your question, it would all depend on what the statute says. I guess my challenge to you, Mr. Perf, speaking only for myself, is that a debt collector who acts in reliance upon a district court opinion does so at his or her peril because there's a chance that the Supreme Court of the United States or the relevant circuit court might say that that district court misinterpreted the FDCPA. And that is absolutely correct, Your Honor. That event can occur. And that's why there is a bona fide error defense, not that the conduct itself wasn't a violation. We're not arguing in retrospect, having the Douglas II opinion saying that this conduct is a violation here in the Third Circuit. That's not the argument that's being made. The argument is, is the agency entitled to be absolved in this unique circumstance because of their reliance of existing law to the extent that it was there. And that existing law was a couple of district court opinions. The only pronouncement on this subject, there are 12,000 to 15,000 FDCPA actions filed across this country on a yearly basis. If people were to take the position that collection agencies were bound not to do every single thing that a plaintiff's lawyer alleges is a violation of the FDCPA, simply because it was filed and a district court ruled against the plaintiff's lawyer. And now, but the district court ruled against the plaintiff's lawyer, but you still got to rely on the plaintiff's lawyer as the authority of law. And you can't act that way. Then I'm not sure that helps you. That just seems to be the other side of the coin, which says that this court needs to interpret the FDCPA. And if you're acting consistently with it, you're fine. And if you're acting in violation of it, you're going to be held to account. Do you have reasonable procedures in place in an effort to avoid this error? That is the question. And is having, in this case, a complete legal department, evaluating case law across the country, attending continuing legal education classes, keeping up with the current trends in regulatory and legislative affairs, and then trying to conform the conduct of your business in accordance with those things, procedures reasonably adapted to avoid making errors, even though in this case, subsequently, it was determined that it was an error. That is the question. And the procedures were reasonably adapted. There is no question about that. And the trial court was correct in saying, as the other courts across this country have said, that if you're relying on this district court, that the Supreme Court did not say in German, that no reliance on legal authority cannot be a bona fide error, but rather, you can't rely on your own people. We understand your argument. Thank you, Mr. President. Thank you very much, Your Honors. Case was very well briefed and argued. We'll take the matter under advisement. Thank you, Your Honor.